# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>   *Plaintiff*,<br><br>v.<br><br>GOOGLE LLC,<br><br>   *Defendant*. | § § § § § § § § § § § § § | Civil Action No. 6:20-cv-577 |

## GOOGLE'S MOTION TO DISMISS UNDER FEDERAL RULE 12(B)(6)

## FOR FAILURE TO STATE A CLAIM FOR RELIEF

**TABLE OF CONTENTS**

I.    Introduction ................................................................................................................. 1

II.   Background ................................................................................................................. 2

    A.    The '585 Patent and Asserted Claim ................................................................. 2

    B.    WSOU's Complaint ........................................................................................... 3

III.  Legal Standard ............................................................................................................ 3

IV.   Argument .................................................................................................................... 5

    A.    Plaintiff Fails To State A Plausible Claim of Direct Infringement ....................... 5

        i.    Plaintiff Alleges That Multiple Actors—Users And Google—
             Perform Steps of the Patented Method ...................................................... 5

        ii.   Plaintiff Fails To State A Plausible Claim of Joint Infringement .............. 9

    B.    Plaintiff Fails To State A Plausible Claim for Indirect Infringement ................. 10

        i.    Without Direct Infringement, There Can Be No Indirect
             Infringement ............................................................................................ 11

        ii.   WSOU Fails To Allege the Requisite Specific Intent And Action
             To Support A Plausible Claim For Induced Infringement ....................... 11

        iii.  WSOU Fails To Make A Plausible Contributory Infringement
             Claim, And the Complaint's Allegations Foreclose Such A Claim ......... 12

V.    Conclusion ................................................................................................................ 13

# **TABLE OF AUTHORITIES**

Page

**CASES**

*Affinity Labs of Texas LLC v. Toyota Motors N.A.*,
   No. 13-365-WSS, 2014 WL 2892285 (W.D. Tex. 2014) ......................................................... 12

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015) (en banc) ............................................................................... 4

*Artrip v. Ball Corp.*,
   735 Fed. Appx. 708 (Fed. Cir. 2018) ....................................................................................... 4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................ 3, 13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................................... 4, 9, 13

*BMC Resources, Inc. v. Paymentech, LP*,
   498 F.3d at 1373 ....................................................................................................................... 9

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
   859 F.3d 1352 (Fed. Cir. 2017) .............................................................................................. 11

*De La Vega v. Microsoft Corp.*,
   2020 WL 3528411 (W.D. Tex, 2020) ............................................................................ 9, 10, 11

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
   363 F.3d 1263 (Fed. Cir. 2004) .............................................................................................. 11

*Global Patent Holdings, LLC v. Panthers BRHC LLC*,
   586 F. Supp. 2d 1331 (S.D. Fla. 2008) ................................................................................... 10

*In re Bill of Lading*,
   681 F.3d 1323 (Fed. Cir. 2012) ........................................................................................ 11, 12

*Iron Oak Techs., LLC v. Dell, Inc.*,
   No. 17-CV-999-RP, 2018 WL 1631396 (W.D. Tex. Apr. 4, 2018) ....................................... 12

*Lee v. Verizon Communs., Inc.*,
    837 F.3d 523 (5th Cir. 2016) ...................................................................................................4

*Lyda v.CBS Corp.*
    838 F.3d 1331 (Fed. Cir.2016)........................................................................................4, 5, 9

*OIP Techs., Inc. v. Amazon.com, Inc.*,
    788 F.3d 1359 (Fed. Cir. 2015).................................................................................................4

*Ricoh Co. Ltd. v. Quanta Comp. Inc.*,
    550 F.3d 1325 (Fed. Cir. 2008).................................................................................................8

*Sentius Intl., LLC v. Apple Inc.*,
    2020 WL 2850286 (N.D. Cal, 2020) ..................................................................................8, 10

*WiNet Labs LLC v. Apple Inc.*,
    2020 WL 409012 (N.D. Cal. Jan. 24, 2020) ...........................................................................10

**STATUTES**

35 U.S.C. § 271(c) .........................................................................................................................12

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) .......................................................................................1

Rule 12 ............................................................................................................................................4

U.S. Patent No. 8,751,585.............................................................................................2, 3, 11, 13

## I.     Introduction

Plaintiff WSOU Investments, LLC D/B/A/ Brazos Licensing and Development ("WSOU" or "Plaintiff") filed fifteen patent infringement cases in this District against Defendant Google LLC ("Google") on the same day, including this one accusing Google of infringing a patented method of managing electronic messages to a user of an electronic message client. WSOU's complaint fails to state a plausible claim for direct infringement.

WSOU relies on, indeed, it expressly alleges, at least two distinct actors to allege direct infringement—Google and a third party user. WSOU alleges that a user performs the first step of the patented method—"using an electronic mail client"— which includes the sub-steps of "selecting" an email from the inbox, "assigning" an archiving rule to that email that is triggered by an action, and "defining" an archive location to which that email will be moved. WSOU further alleges that Google (Gmail) performs the other method step of moving the email to the defined location after detecting the action defined in the archiving rule. Accepting WSOU's allegations as true, Google performs only one step/sub-step of the claimed method, but the rest are performed by a third party user.

Despite relying on a user to perform the majority of the claimed steps, WSOU fails to allege joint infringement by Google and the user, let alone plead facts to support a plausible claim that the user's alleged conduct should be attributed to Google. Thus, WSOU has failed to plead facts plausibly showing direct infringement. Lacking any proper pleading of direct infringement, and for other reasons described below, WSOU's allegations of indirect infringement also fail as a matter of law. Google respectfully requests that the Court dismiss the Complaint for failure to state a claim under Rule 12(b)(6).

## II.   Background

### A.   The '585 Patent and Asserted Claim

U.S. Patent Application No. 12/415,089, which issued as U.S. Patent No. 8,751,585 (the '585 patent"), was filed March 31, 2009.  (Dkt. 1-1 at Cover.)  The '585 patent discloses a management method applying to electronic messages in an inbox associated to a user of an electronic message client integrated in a communication system.  According to the invention, for each of the said electronic messages, the user may, from within the electronic message client, assign an archiving rule consisting in the definition, of at least one action out of a list of actions whose implementation is susceptible of being detected by the communication system, and of information concerning a location within the communication system to which the message is to be moved when the action is carried out.  The message is actually moved to the location upon detection by the communication system of implementation of the action.  (*Id.* at Abstract.)  The '585 patent aims to take into consideration message obsolescence and message content in handling electronic messages.

>   Claim 1, the only asserted claim, recites:
>
>>   A method of managing electronic messages to a user of an electronic message client, comprising:
>>
>>   using an electronic message client in conjunction with one or more electronic message of a plurality of electronic messages in an inbox associated with a user, the electronic message client integrated in a communication system, the using comprising:
>>
>>>   selecting an electronic message from the inbox;
>>>
>>>   assigning an archiving rule to the selected electronic message that includes a definition of an action that can be subsequently carried out using at least some portion of the communication system, wherein the action defined in the archiving rule is selected from a list of actions that can be detected by the communication system, wherein the action defined in the archiving rule is based at least in part on content of the selected electronic message; and

> > defining an archive location within the communication system to which the selected electronic message is moved after the action is detected; and
>
> moving the selected electronic message from the inbox to the archive location after detection of the action defined in the archiving rule;
>
> > wherein the communication system provides management of collaborative applications, the list of actions comprising at least one of the following actions:
> >
> > > update to a page associated with a collaborative application by the user or another user associated with the communication system in which the collaborative application is hosted by the communication system; and
> > >
> > > update to a page associated with a collaborative application in which the collaborative application is hosted outside the communication system.

(Dkt. 1-1 at 8:8-41.)

### B. WSOU's Complaint

Plaintiff filed its Complaint (Dkt. 1) against Google LLC on June 29, 2020, alleging infringement of the '585 patent (Dkt. 1-1) by Gmail. The Complaint alleges that Gmail provides email services to customers as part of G Suite, and Gmail saves emails and provides tools for features such as viewing, archiving and labelling of emails which facilitate smooth control to the user for email message management. (Dkt. 1 at ¶¶46, 47.) The Complaint asserts direct (*id.* at ¶65) and indirect infringement (*id.* at ¶¶67, 68), including both induced infringement (*id.* at ¶67) and contributory infringement (*id.* at ¶68).

## III. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is not plausible unless it is supported by factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct

alleged. *Id*. A complaint must provide a defendant fair notice of the plaintiff's claim and the grounds relied upon, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "On a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. Regional circuit law applies when reviewing a Rule 12 motion to dismiss. *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015). The Fifth Circuit "applies the familiar *Twombly*-plausibility standard." *Lee v. Verizon Communs., Inc.*, 837 F.3d 523, 533 (5th Cir. 2016).

The *Twombly* plausibility standard applies to claims of direct infringement of a patent. *See Artrip v. Ball Corp.*, 735 Fed. Appx. 708, 714 n.4 (Fed. Cir. 2018). Moreover, direct infringement only "occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc) ("*Akamai V*").

To meet the *Twombly* pleading standard for joint infringement by the combined acts of multiple parties, the Complaint must plead "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction and control' over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.,* 838 F.3d 1331, 1339 (Fed. Cir. 2016); *Akamai V*, 797 F.3d at 1022, 1023 (stating that the "direction or control" of another's performance encompassed a situation where the accused infringer "[1] conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and [2] establishes the manner or timing of that performance."). In *Lyda*, the Federal Circuit dismissed a complaint that failed to set forth factual allegations to support

assertions that one entity directed or controlled others. *Lyda*, 838 F.3d at 1340. Dismissal was proper because there were no allegations that could "form the basis of a reasonable inference that each claim step was performed by or should be attributable to Defendants." *Id*. The same is true here.

## IV.  Argument

### A.  Plaintiff Fails To State A Plausible Claim of Direct Infringement

WSOU alleges that "Google" directly infringes at least the asserted claim 1 "by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States," which WSOU defines as Google's Gmail platform. (Dkt. 1 at ¶¶45, 65.) But WSOU asserts a method claim, and according to WSOU's allegations, it is a third party user—not Google—that performs most of the claimed method steps. WSOU makes no allegation that the user's alleged actions are controlled by or attributable to Google. Nor could it. There is no factual basis for a reasonable inference of joint infringement, and WSOU's direct infringement claim should be dismissed.

#### i.  Plaintiff Alleges That Multiple Actors—Users And Google—Perform Steps of the Patented Method

Despite purporting to allege direct infringement by Google alone, WSOU relies on at least two distinct actors for the alleged performance of the claimed method, Google (Gmail) and one or more third party users of Gmail. The following chart identifies actors as alleged in the Complaint:

| Claim Element | Allegation in Complaint | Actors Identified |
| --- | --- | --- |
| A method of managing electronic messages to a user of an electronic message client, comprising: | "**Electronic message client (i.e., Gmail) applications save messages (i.e., electronic messages) and provide tools** for different features such as viewing, archiving, labeling, etc. which facilitates | Google (Gmail) and Gmail users. |

| **Claim Element** | **Allegation in Complaint** | **Actors Identified** |
|---|---|---|
| | smooth **control to the user for managing messages**." (¶47).<br>**"Gmail helps the users to organize their inbox** (i.e., managing electronic messages). Organizing helps in better managing of messages." (¶48). | |
| **using** an electronic message client in conjunction with one or more electronic message of a plurality of electronic messages in an inbox associated with a user, the electronic message client integrated in a communication system, the using comprising: | "**Electronic message client (i.e., Gmail) applications save messages (i.e., electronic messages) and provide tools** for different features such as viewing, archiving, labeling, etc. which facilitates smooth **control to the user for managing messages**." (¶47).<br>"E-mails are associated with a user." (¶49). | Gmail users. |
| **selecting** an electronic message from the inbox; | "**Gmail allows users to select an electronic message** (i.e. email). With the selection, **they** can perform various features like viewing, marking, etc. as per the purpose." (¶51).<br>"For example, **a user selects the email** titled 'Google Play'…" (¶56). | Gmail users. |
| **assigning** an **archiving rule** to the selected electronic message that includes a definition of an **action** that can be subsequently carried out using at least some portion of the communication system, wherein **the action defined in the archiving rule is selected from a list of actions** that can be detected by the communication system, wherein the action defined in the archiving rule is based at least in part on **content** of the selected electronic message; and | "After the selection of an e-mail, **Gmail helps users in performing many features** (i.e. actions). One of the most prominent features to manage the number of messages is Filtering. **A user can create rules to filter the e-mails. Users can label, archive, delete, star, or automatically forward the e-mail**." (¶52). | Gmail users. |

| **Claim Element** | **Allegation in Complaint** | **Actors Identified** |
|---|---|---|
| **defining** an archive location within the communication system to which the selected electronic message is moved after the action is detected; and | "For example, when **a user selects the 'Skip the Inbox' option, the email is archived**." (¶55).<br>"**Gmail provides users to move [sic] the selected e-mail to archived** (i.e. archive location) after the filtering process (i.e. detection of the action defined in the archiving rule). For example, **a user selects the email** titled "Google Play" to start the process of moving it to archive." (¶56) | Gmail users. |
| **moving** the selected electronic message from the inbox to the archive location **after** detection of the action defined in the archiving rule; | "**Gmail provides users to move [sic] the selected e-mail to archived** (i.e. archive location) after the filtering process (i.e. detection of the action defined in the archiving rule)." (¶56).<br>"**Gmail works** based on the selected rules." (¶58). | Google (Gmail). |
| wherein the communication system provides management of collaborative applications, the list of actions comprising at least one of the following actions: | "The communication system also provides the management of collaborative applications. The collaborative application is one which can be accessed by multiple users and can have collaborative inputs from each user. **The G Suite is comprised of multiple collaborative applications, which integrates with Gmail. The applications can be Docs, Sheet, or Calendar, among others**." (¶60). | Google (G Suite) |
| update to a page associated with a collaborative application by the user or another user associated with the communication system in which the collaborative application is hosted by the communication system; and | "The advantage of G Suite collaborative application is such that **the user can collaborate in real-time**. The pages will update as soon as **a user makes changes in the application**. For example, Google docs (i.e. collaborative application) integrates with Gmail." (¶61). | G Suite users. |
| update to a page associated with a collaborative application in which the collaborative application is | "Google Docs offers the option to share the document with multiple other users." (¶62).<br>"An example of **another user editing the document** is shown in the figure | G Suite users. |

- 7 -

| Claim Element | Allegation in Complaint | Actors Identified |
|---|---|---|
| hosted outside the communication system. | below.  **When another user makes changes in the document, the document with the first user is also updated** (i.e. update to a page associated with a collaborative application)." (¶63). | |

The preamble recites "[a] method of managing electronic messages to a user of an electronic message client" and the first step in the claimed method recites "using an electronic message client."  As set forth above, WSOU relies on a user to "use" Gmail in the manner claimed—namely to perform the steps of "selecting" an email from the inbox, "assigning" an archiving rule to that email that is triggered by an action, and "defining" an archive location to which that email will be moved.  (Dkt. 1, ¶¶51, 52 and 55.)  After the user has performed those steps, WSOU alleges that Gmail (the electronic message client) detects the trigger action and performs the remaining step of "moving" the selected email to the location defined by the user.  (Dkt. 1, ¶56.)  Thus, WSOU's complaint relies on multiple actors to allege direct infringement of claim 1.  Even accepting WSOU's allegation that Google performs the "moving" step of claim 1, WSOU's allegations that Google's Gmail platform "provides", "helps" or "allows" users to perform the other method steps (*e.g.*, Dkt. 1, ¶¶48, 51, 52 and 56) are insufficient as a matter of law to establish direct infringement by Google alone.  *Ricoh Co. Ltd. v. Quanta Comp. Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008) ("a party that sells or offers to sell software containing instructions to perform a patented method does not infringe the patent under § 271(a)"); *see also Sentius Intl., LLC v. Apple Inc.*, 2020 WL 2850286 at *6 (N.D. Cal, 2020) (dismissing direct infringement claims where the plaintiff alleged that the Defendant "provides" or "allows" an end user to perform steps of the claim, but did not plausibly plead joint infringement)  Accordingly, WSOU must properly plead joint infringement or its claim must be dismissed.

### ii. Plaintiff Fails To State A Plausible Claim of Joint Infringement

Joint infringement requires pleading "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction and control' over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda*, 838 F.3d at 1339; *BMC Resources, Inc. v. Paymentech, LP*, 498 F.3d at 1373 (a party is liable vicariously for the acts of another in circumstances showing that the liable party controlled the conduct of the acting party). WSOU fails to meet this standard. *De La Vega v. Microsoft Corp.*, 2020 WL 3528411, *4-*5 (W.D. Tex, 2020) (dismissing with prejudice direct infringement claims because the claims required three distinct actors and the original complaint failed to plead any allegations of joint infringement.)

Despite relying on two actors to perform the steps of the claimed method (Dkt. 1, ¶¶47-49, 51-52, 56, 60), WSOU fails to allege any facts supporting a claim for joint infringement by Google and users. The Complaint does not include even conclusory allegations that Google exercises direction or control over Gmail users or that there is a joint enterprise between Google and Gmail users, much less any facts in support of the same. Simply put, the Complaint is devoid of any factual allegations that even approach the *Twombly* standard as explained in *Lyda* and *BMC Resources*. As a result, this case is even more appropriate for dismissal than in *Lyda*, where the court dismissed a complaint that at least "allege[d] conclusively and without factual support that [defendant] directed or controlled the independent contractors who then directed or controlled the unnamed third parties." *Lyda*, 838 F.3d at 1340.

In *De La Vega*, this Court recently dismissed a complaint under similar facts because, like here, no single actor performed all steps of the asserted method claim and the complaint did not contain any allegations to support joint infringement. 2020 WL 3528411, at *4-*5. There,

this Court held that the claims required multiple actors and the original complaint failed to plead any allegations of joint infringement.  Like the method claim in *De La Vega*, the plain language of claim 1, as confirmed by WSOU's complaint, establishes that the steps cannot be performed by Google alone.  Rather, this is a case of joint infringement because performance of the claimed method requires at least one actor other than Google—a user.  The Court's reasoning in *De La Vega* applies here and warrants the same result, because as in that case, WSOU "fails to make even conclusory allegations of such direction, control, or joint enterprise, much less allege any facts in support of the same."  *Id*. at *4.

Other district courts have also granted motions to dismiss complaints having similar shortcomings as WSOU's complaint here.  *See Sentius Int'l, LLC* 2020 WL 2850286 (dismissing direct infringement claims where the plaintiff did not plausibly plead joint infringement); *WiNet Labs LLC v. Apple Inc.*, 2020 WL 409012, *4 (N.D. Cal. Jan. 24, 2020) (dismissing direct infringement claims because the end user, not the Defendant, had control over the accused product and performed the method steps); *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331, 1335 (S.D. Fla. 2008) (dismissing claims of direct infringement because the Plaintiff had not alleged sufficiently that Defendant was a joint infringer, or that Defendant carried out all the steps of the patented method.).

       **B.**      **Plaintiff Fails To State A Plausible Claim for Indirect Infringement**

As a result of WSOU's failure to set forth a plausible case for direct infringement, its claims of indirect infringement fail as a matter of law.  Moreover, WSOU's induced and contributory infringement allegations also fail for the independent reasons discussed below.

       **i.**      **Without Direct Infringement, There Can Be No Indirect Infringement**

WSOU cannot set forth a plausible claim for indirect infringement because it fails to set forth a plausible claim for direct infringement.  To support a claim for indirect infringement, a

plaintiff needs to plead "facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading,* 681 F.3d 1323, 1336 (Fed. Cir. 2012); *see also Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement…."); *De la Vega*, 2020 WL 3528411, at *7.  For that reason alone, WSOU's claims for indirect infringement should be dismissed.

> ii.  **WSOU Fails To Allege the Requisite Specific Intent And Action To Support A Plausible Claim For Induced Infringement**

WSOU also fails to set forth a plausible claim for induced infringement because it does not allege facts to support an inference of the intent required for induced infringement.  For claims of induced infringement, the complaint must plead facts that plausibly show the defendant had specific intent to cause another to directly infringe and knew the other's act constituted infringement.  *In re Bill of Lading*, 681 F.3d at 1339.

The Complaint alleges no facts that suggest any connection between Google and Gmail users to encourage them to assign rules to email messages and archive them according to the rules, much less an intent to have them do so.  (*See* Dkt. 1, ¶¶47, 48, 52 (citing irrelevant websites that do not discuss an archiving rule which includes an action and a location); Dkt. 1, ¶¶ 53, 55 (citing the same screenshot illustrating filter creation, which does not discuss "an archiving rule" that includes an action *after* the detection of which, the selected email message is moved).  Therefore, WSOU "falls short of showing 'specific intent and action' on behalf" of Google to induce Gmail users' infringement of the '585 patent.  *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1364 (Fed. Cir. 2017) ("The mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven."); *see also Affinity Labs of Texas LLC v. Toyota Motors*

*N.A.*, No. 13-365-WSS, 2014 WL 2892285, at *7 (W.D. Tex. 2014) (dismissing induced infringement claims where "Plaintiff does not specify how the marketing and selling activities of Toyota actually induced third-parties to infringe the Asserted Patents. The complaint generally alleges that Toyota induced its customers to purchase its vehicles, but fails to allege how Toyota induced its customers to use the vehicles in a manner that would violate the Asserted Patents.").

### iii. WSOU Fails To Make A Plausible Contributory Infringement Claim, And the Complaint's Allegations Foreclose Such A Claim

WSOU not only fails to allege facts supporting a plausible claim of contributory infringement, the facts it does allege preclude a reasonable inference of the same.

Contributory infringement requires that a defendant sell, offer to sell or import "a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c). Thus, to properly plead a claim for contributory infringement, the Complaint must allege facts sufficient to infer that any "component" alleged to provide the basis for contributory infringement has no substantial noninfringing use. *In re Bill of Lading*, 681 F.3d at 1337; *see also Iron Oak Techs., LLC v. Dell, Inc.*, No. 17-CV-999-RP, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018) (dismissing contributory infringement claim because "conclusory allegation that '[t]he components provided by [Dell] are not staple articles of commerce suitable for substantial non-fringing use,' (*id.*), is no more than a 'threadbare recital' of one of the elements of a contributory infringement claim"). WSOU also makes no allegations of pre-suit knowledge of the '585 patent. With respect to the remaining two elements, the Complaint recites only: "The Accused Products are especially made or adapted for infringing the '585 Patent and

have no substantial non-infringing use.  For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least one claim of the '585 Patent."  (Dkt. 1, ¶68.)  This allegation should be rejected as nothing more than a threadbare recitation of the elements of a contributory infringement claim.  *Iqbal*, 556 U.S. at 687; *Twombly*, 550 U.S. at 570.

WSOU's contributory infringement allegations also fail because—as even WSOU's allegations demonstrate—the accused service has substantial non-infringing uses.  For example, Gmail does not require a user to assign an archiving rule to the selected email message as required by the assigning step in claim 1.  (*See e.g.*, Dkt. 1, ¶¶52, 53, 56 (screenshots allegedly showing that users can create filters to filter emails).)  Moreover, a Gmail user can keep all their emails in the inbox without ever moving a single one of them.  *Id*.  It is simply not plausible to allege that Gmail has no substantial non-infringing uses.

## V.     Conclusion

Google respectfully requests that Plaintiff's Complaint be dismissed in its entirety for the foregoing reasons.

Dated:  September 11, 2020

Respectfully submitted,

*/s/ Michael E. Jones*
Michael E. Jones (Texas Bar No. 10929400)
Patrick C. Clutter (Texas Bar No. 24036374)
**Potter Minton, P.C**.
110 North College, Suite 500
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile
mikejones@potterminton.com
patrickclutter@potterminton.com

Tharan Gregory Lanier (*pro hac vice* pending)
**JONES DAY**
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile
tglanier@jonesday.com

ATTORNEYS FOR DEFENDANT
GOOGLE, LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 11, 2020, I electronically filed this document with the Clerk of Court via the Court's CM/ECF system which will send notification of such filing to all counsel of record, all of whom have consented to electronic service in this action.

/s/ *Michael E. Jones*
Michael E. Jones