# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

|  |  |  |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,** | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 6:20-cv-577 |
| **GOOGLE LLC,** | § § | |
| *Defendant.* | § § | |

## GOOGLE'S REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FEDERAL RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM FOR RELIEF

## <u>TABLE OF CONTENTS</u>

I.    Introduction ................................................................................................................... 1

II.   Argument ....................................................................................................................... 2

      A.    Claim Construction Is Not Required To Dismiss WSOU's Complaint ................. 2

      B.    WSOU Does Not State A Plausible Claim For Direct Infringement ..................... 4

            i.     WSOU Tacitly Admits That It Fails To Plead Joint Infringement ............ 4

            ii.    WSOU's Boilerplate Allegations Are Insufficient To Allege Direct
                   Infringement By Google Alone ................................................................. 7

            iii.   WSOU Cannot Rely On Unpleaded System Claim 9 ................................ 7

      C.    WSOU Fails To Allege Indirect Infringement ...................................................... 8

III.  Conclusion .................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

## CASES

*Actus, LLV v. Bank of Am. Corp.*
  No. 2:09-CV-102-TJW, 2010 WL 547183 (E.D. Tex. Feb. 10, 2010) ....................................3

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ................................................................................................................4

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ............................................................................................................7, 8

*De La Vega v. Microsoft Corp.,*
  2020 WL 3528411 (W.D. Tex., 2020) ..........................................................................4, 5, 6, 8

*Iron Oak Techs., LLC v. Dell, Inc.,*
  No. 17-CV-999-RP, 2018 WL 1631396 (W.D. Tex. Apr. 4, 2018) .........................................9

*Regents of Univ. of Mich. v. Leica Microsystems Inc.*
  No. 19-CV-07470-LHK, 2020 WL 2084891, at *5 (N.D. Cal. Apr. 30, 2020).......................3

*Slyce Acquisition Inc. v. Syte*
  No. 19-257, 2020 WL 278481, at *5 (W.D. Tex. Jan. 10, 2020) .............................................3

*Tune Hunter, Inc. v. Samsung Telecommunications Am. LLC,*
  No. 2:09-CV-148-TJW, 2010 WL 1409245 (E.D. Tex Apr. 1, 2010)......................................3

*Vellata, LLC v. Best Buy Co.,*
  No. CV 10-6752 AHM, 2011 WL 61620 (C.D. Cal. Jan. 7, 2011) .........................................3

## OTHER AUTHORITIES

Rule 12(b) ................................................................................................................................3

## I.      INTRODUCTION

WSOU must set forth a plausible claim for direct infringement within the four corners of the complaint in order to survive a motion to dismiss.  Google explained in its motion that WSOU's theory of direct infringement of the asserted method relied on the actions of two distinct entities—Google (Gmail) and end users of Gmail—but failed to allege that the actions of one were attributable to the other.  That alone warrants dismissal.  In response, WSOU points to everything but its actual allegations in a last ditch effort to save its deficient complaint.

*First*, WSOU ignores its allegations altogether, arguing that Google's motion should be denied because it requires the court to engage in claim construction.  Not so.  Because WSOU's *allegations* rely on multiple actors, the Court need not determine whether the claim itself requires multiple actors.  WSOU cannot escape the deficiencies in its alleged infringement theory under the guise of premature claim construction.

*Second*, WSOU improperly resorts to theories and claims that are not alleged in its complaint.  No matter what WSOU says now in its opposition, its complaint did not include allegations that the actions of end users of Gmail are attributable to Google, or that Google itself uses Gmail in an allegedly infringing matter.  Nor did WSOU identify a system or theory for alleged infringement of apparatus claim 9 (or any claim other than claim 1).  The court must limit its review to the allegations that actually appear in WSOU's complaint to determine whether it alleges a plausible theory of direct infringement.  Dismissal of the entire complaint is warranted here because it plainly does not.

## II.     ARGUMENT

### A.     Claim Construction Is Not Required To Dismiss WSOU's Complaint

WSOU attempts to distract the Court from the deficiencies in its complaint by arguing that granting Google's motion requires "premature claim construction."  (Dkt. 19 at 4-8.)  This argument is a red herring.

Claim construction is not necessary to determine that WSOU fails to state a plausible claim for direct infringement—the Court need look no further than WSOU's allegations within the four corners of the complaint to reach that conclusion.  The issue is not whether claim 1 itself *requires* multiple actors, it is whether WSOU's theory of direct infringement of that claim as alleged in the complaint relies on multiple actors.  It does.  Google presented a chart with allegations taken directly from WSOU's complaint that demonstrate that WSOU relied on the actions of two distinct entities—Google and end users—to perform the method steps of claim 1.  (Dkt. 16 at 5-8.)

Contrary to WSOU's assertion, Google does not "overlook[] factual allegations supporting a theory of direct infringement where each step of claim 1 is attributed to actions of a user or, alternatively, where each step of claim 1 is attributed to actions of a system."  (Dkt. 19 at 7.)  Those allegations do not exist.  Nowhere does WSOU allege that a system performs the claimed step of using an "electronic message client" by "selecting" an email, "assigning" an archiving rule, and "defining" an archive location.  On the contrary, WSOU admits that the complaint alleges that those actions are performed by a user.  (*See* Dkt. 19 at 7.)  WSOU similarly fails to allege a theory that all steps are performed by the user.  WSOU argues that the "moving" step could be performed by a user, but the allegations it cites do not support that theory.  WSOU points to an allegation that "*a user selects* the email titled 'Google Play' *to start the process of moving it to archive*."  (Dkt. 1, ¶ 56.)  The step allegedly performed by the user in

that allegation is "selecting" an email, which according to WSOU "starts the process of moving" that email.  There is no allegation, however, that the user "mov[es] the selected electronic message from the inbox to the archive location after detection of the action defined in the archiving rule" as required by the claims.  The allegations that follow confirm that under WSOU's theory it is the Gmail system that moves the email to the archive:  "Gmail works based on the selected rules" (*id*., ¶ 58) and "[t]he email is then no longer in the inbox.  It moves from the inbox to the archive location" (*id*., ¶ 59).

There is no need for claim construction because WSOU's allegations alone confirm that this is a case of joint infringement requiring actions performed by a system (Gmail) and an end user.  It is the substance of those allegations, not any construction of the claims, that support the granting of Google's motion.

WSOU's cited authority does not support a different result.  In *Regents of Univ. of Mich. v. Leica Microsystems Inc.*, the court did not consider the sufficiency of the pleading—this case stands for the unremarkable proposition that a defendant cannot challenge construction of the patent terms on a motion to dismiss.  No. 19-CV-07470-LHK, 2020 WL 2084891, at *5 (N.D. Cal. Apr. 30, 2020).  Google's challenge is based on WSOU's allegations, not a particular construction of the claims.  WSOU's reliance on *Slyce Acquisition Inc. v. Syte* is similarly misguided—that case also does not concern the sufficiency of pleadings or even the question of infringement.  Instead, *Slyce Acquisition Inc. v. Syte* provides that "a Rule 12(b) motion to dismiss is a procedurally awkward place for a court to resolve a patent's § 101 eligibility."  No. 19-257, 2020 WL 278481, at *5 (W.D. Tex. Jan. 10, 2020) (emphasis added).  That case is inapposite.  WSOU's reliance on *Tune Hunter, Inc. v. Samsung Telecommunications Am. LLC,* No. 2:09-CV-148-TJW,  2010 WL 1409245 (E.D. Tex Apr. 1, 2010), *Actus, LLV v. Bank of Am. Corp.* No. 2:09-CV-102-TJW, 2010 WL 547183 (E.D. Tex. Feb. 10, 2010), and *Vellata, LLC v.*

*Best Buy Co.*, No. CV 10-6752 AHM (RCx), 2011 WL 61620 (C.D. Cal. Jan. 7, 2011) is also

unpersuasive because all three of those cases were decided before the more relaxed pleading

standard for direct infringement using FRCP Form 18 was abrogated.  Regardless, unlike in

those cases, claim construction is not required here and WSOU's allegations are insufficient to

state a plausible claim for direct infringement.

WSOU's attempt to distinguish *De La Vega v. Microsoft Corp.* also fails.  The passage

cited by WSOU confirms the similarities between the two cases—both involve situations where

the plaintiff's alleged theory of infringement requires multiple actors, but the plaintiff failed to

properly plead facts supporting joint infringement.  W-19-CV-00612-ADA, W-19-CV-00612-

ADA, 2020 WL 3528411, at *3 (W.D. Tex., Feb. 11, 2020).  As discussed below, the court's

reasoning in that case is equally applicable here.

**B.    WSOU Does Not State A Plausible Claim For Direct Infringement**

WSOU is limited to allegations within the four corners of its complaint to overcome a

motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  As explained in Google's

motion, those allegations are insufficient as a matter of law to state a claim for direct

infringement.  (Dkt. 16.)  WSOU states that "[t]he pleadings speak for themselves in refuting

Google's mischaracterization" (Dkt. 19 at 1), but proceeds to confirm that Google is correct by

basing its arguments against dismissal on allegations and theories *that are not included in its

Complaint*.  It is WSOU, not Google, that misrepresents the contents of that Complaint.

**i.    WSOU Tacitly Admits That It Fails To Plead Joint Infringement**

WSOU points to no allegations in the complaint supporting a plausible claim of joint

infringement by Google and end users.  In fact, the complaint is devoid of any allegations that

the actions of end users relied on by WSOU can be attributed to Google.  WSOU does not

dispute this, conceding that joint infringement is an "alternative theory" of direct infringement

- 4 -

and purporting to provide "example pleadings that are also relevant to a theory of joint infringement." (Dkt. 19 at 9.) The "examples" that WSOU cites, however, are nowhere to be found in the complaint and thus cannot save it from dismissal.

WSOU argues, without any support, that "it cannot reasonably be disputed…that Google both profits from the direct infringement alleged and that it has the ability (as the provider of Gmail) to stop or limit the infringement alleged." (Dkt. 19 at 11.) Tellingly, WSOU does not cite to any allegations in the complaint supporting this new argument. That is because there are none. Instead, WSOU attempts to introduce Google's terms of service webpage—which it admits is not cited in its complaint[1]—and points to a provision regarding Google's procedures for taking down user-posted content from its websites. (*See* Dkt. 19 at 11.) Not only is that provision beyond the four corners of WSOU's complaint, it is not, as WSOU claims, related to the allegedly infringing use of Gmail, and is thus irrelevant to the current motion. WSOU's failure to allege a plausible theory of joint infringement in its complaint warrants dismissal.

*De La Vega* is directly applicable here, which is why WSOU could not distinguish it. Contrary to WSOU's assertion, Google points to specific allegations demonstrating that the complaint suffers from similar deficiencies as the one in *De La Vega*. (Dkt. 16 at 9.) In both cases the plaintiff alleged direct infringement by Google but illogically relied on multiple actors to complete the claimed method steps. In *De La Vega*, the Court highlighted the plaintiff's allegations that relied on the actions of Google and the users of its products. *De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *3-*4 (W.D. Tex., 2020). Based on those allegations,

---

[1] WSOU tries to brush away its attempt to bring in materials beyond the pleadings by stating, without any support, that "[t]he references identified in the complaint (*see, e.g.*, Dkt. 1, ¶¶ 42-67) provide links to" the terms of service. (Dkt. 19 at 11.) The screenshots included in the complaint do not cite to or otherwise reference the terms that WSOU now seeks to rely on.

the Court summarized that the "Plaintiff contends that infringement of claim 1 requires three

actors." *Id.*  Here, as in *De La Vega*, the plaintiff's allegations are tethered to the actions of

Google and the users of its products.  In particular, WSOU's allegations, like *De La Vega*'s, are

tied to products and features that Google allegedly provides to users, and the actions that users of

Google's products allegedly can or may perform using its products.  The following table

illustrates some of these parallels.  Therefore, as in *De La Vega*, this Court should hold that

because the plaintiff recognized in its complaint that multiple actors were required, Google is

correct that this is a case of joint infringement.  *De La Vega*, 2020 WL 3528411, at *4.

| DE LA VEGA Allegations | WSOU Allegations |
|---|---|
| "Description: **Google provides** an application called YouTube App which **users may download** and stream live video from their mobile device using the camera native to their mobile device." *De La Vega v. Google*, No. 6-19-cv-00617, Dkt. 1 at p. 11.<br><br>"Description: **Google provides** an application for **users' mobile devices** to view and filter live streaming videos on the www.youtube.com/live homepage." *Id.* at p. 15. | "56. **Gmail provides users** to move the selected e-mail to archived (i.e. archive location) after the filtering process (i.e. detection of the action defined in the archiving rule). For example, a **user selects** the email titled "Google Play" to start the process of moving it to archive." *WSOU* Compl. at p. 22. |
| "Description: **Users** of YouTube **can search** live streaming videos on the www.youtube.com/live homepage by typing in the name, keyword or type of the video they want to watch." *Id.* at p. 17. | "51. **Gmail allows users** to **select** an electronic message (i.e. email). With the selection, **they can** perform various features like viewing, marking, etc. as per the purpose. The selection of one message, "Security Alert" is colored blue in the background of the message." *WSOU* Compl. at p. 18.<br><br>"52. After the selection of an e-mail, **Gmail helps users** in performing many features (i.e. actions). One of the most prominent features to manage the number of messages is Filtering. **A user can create** rules to filter the e-mails. **Users can label**, archive, delete, star, or automatically forward the e-mail." *WSOU* Compl. at p. 19. |

### ii. WSOU's Boilerplate Allegations Are Insufficient To Allege Direct Infringement By Google Alone

WSOU now claims that it has alleged that Google performs all method steps of claim 1 because "Google can and does use Gmail in the manner claimed." (Dkt. 19 at 8.) Again, the complaint does not contain any facts or allegations supporting this theory. (*See* Dkt. 1, ¶¶ 46-64.) WSOU does not point to any substantive allegations that Google employees infringe by using Gmail in the allegedly infringing way described in its complaint. Rather, the sole support for this new theory is the following two paragraphs of boilerplate language:

> Google makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this judicial district, products such as, but not limited to, Gmail (collectively, the "Accused Products").

> Google continues to directly infringe at least one claim of the '585 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States, including within this judicial district, without the authority of Brazos.

(Dkt. 1, ¶¶ 45, 65.) This is exactly the type of "formulaic recitation of the elements of a cause of action [that] will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### iii. WSOU Cannot Rely On Unpleaded System Claim 9

Faced with its failure to properly allege direct infringement of each step of method claim 1 by a single entity, WSOU attempts to pivot to assertion of system claim 9 based solely on its inclusion of the boilerplate phrase "Google infringes at least claim 1." (Dkt. 19 at 11-12 (citing Dkt. 1-1, ¶64).) WSOU concedes that the complaint cites only method claim 1. The mere words "at least," whether or not buried in boilerplate, cannot be sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (alteration in original)), and thus cannot suffice to allege infringement by any claims other than claim 1.

This Court recently considered this issue in *De La Vega v. Microsoft Corp.*, Case No. 19-612, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020).  There, two complaints alleged "that Microsoft and Google each, directly and indirectly, infringe[d] at least claims 1 and 9 of" the patent-in-suit.  Id. at *1 (citing Compls. ¶ 21).  Despite the "at least" language in the *De La Vega* complaints, the Court considered only the claims the plaintiff specifically noted, claims 1 and 9.  *See id.* at *1-*2.  And in doing so, the Court applied a standard that devastates WSOU's argument here.  *See id.* at *7.  After considering in detail plaintiffs' allegations of infringement of claim 1, id. at *2-*7, the Court turned to claim 9:

> Plaintiff's Original Complaints do not provide any description of how the accused instrumentalities infringe claim 9.  Plaintiff only refers to claim 9 twice in each of his Original Complaints, once to provide the claim language and once to allege that each Defendant infringes claim 9 ("Defendant is thus liable for infringement of at least claims 1 and 9 of the '986 patent pursuant to 35 U.S.C. § 271.").  There is no explanation as to how the accused instrumentalities infringe claim 9.  Plaintiff fails to even include an allegation or short statement that each Defendant infringes claim 9 in the same manner as claim 1.

*Id*. at *7 (citation omitted).  The Court found that "these statements fail to even rise to the level of 'labels and conclusions, and a formulaic recitation of the elements of a cause of action' that are insufficient under *Twombly*," and dismissed the plaintiff's allegations regarding claim 9 without further analysis, and with prejudice.  2020 WL 3528411 at *7 (quoting *Twombly*, 550 U.S. 554, 555 (2007)).

### C.    WSOU Fails To Allege Indirect Infringement

WSOU's failure to plead a plausible claim of direct infringement necessarily dooms its claims of indirect infringement.  But that is not the only reason WSOU's indirect infringement allegations must fail.  (Dkt. 16 at 10-12.)

Contrary to WSOU's assertion, it is WSOU's allegations of induced infringement that are "conclusory," not Google's attacks on those allegations.  WSOU's unsupported assertion that

"the pleadings sufficiently allege Google had knowledge of the '585 patent and performed various activities with specific intent to induce others" does not make it so.  (Dkt. 19 at 13.)  As set forth in Google's motion, WSOU fails to meet the requirement of pleading a specific intent on behalf of Google to induce infringement of the '585 patent.  (Dkt. 16 at 11, citing *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1364 (Fed. Cir. 2017).)  The same is true for WSOU's allegations of contributory infringement.  In response to Google's attacks on the sufficiency of those allegations, WSOU merely parrots back its threadbare recital of the elements of a contributory infringement claim in the complaint.  (Dkt. 19 at 15.)  That is insufficient.  (*See* Dkt. 16 at 12-13, citing *In re Bill of Lading*, 681 F.3d at 1337; *see also Iron Oak Techs., LLC v. Dell, Inc.*, No. 17-CV-999-RP, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018).)

## III.    CONCLUSION

Google respectfully requests that Plaintiff's Complaint be dismissed in its entirety for the foregoing reasons.

Dated:  October 2, 2020                    Respectfully submitted,


                                           By: *T. Gregory Lanier with permission,*
                                           *by Michael E. Jones*
                                           Michael E. Jones
                                           (Texas Bar No. 10929400)
                                           Patrick C. Clutter
                                           (Texas Bar No. 24036374)
                                           **Potter Minton, P.C**.
                                           110 North College, Suite 500
                                           Tyler, Texas, 75702
                                           +1 (903) 597-8311
                                           +1 (903) 593-0846 facsimile
                                           mikejones@potterminton.com
                                           patrickclutter@potterminton.com

                                           Tharan Gregory Lanier (*pro hac vice*
                                           pending)
                                           **JONES DAY**
                                           1755 Embarcadero Road
                                           Palo Alto, California, 94303
                                           +1 (650) 739-3939
                                           +1 (650) 739-3900 facsimile
                                           tglanier@jonesday.com

                                           ATTORNEYS FOR DEFENDANT
                                           GOOGLE, LLC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 2, 2020, I electronically filed this document with the Clerk of Court via the Court's CM/ECF system which will send notification of such filing to all counsel of record, all of whom have consented to electronic service in this action.

*/s/ Michael E. Jones*