# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,** | § § § | |
| *Plaintiff,* | § § § § § § § § § | CIVIL ACTION 6:20-cv-00571-ADA <br> CIVIL ACTION 6:20-cv-00572-ADA <br> CIVIL ACTION 6:20-cv-00573-ADA <br> CIVIL ACTION 6:20-cv-00574-ADA <br> CIVIL ACTION 6:20-cv-00575-ADA <br> CIVIL ACTION 6:20-cv-00576-ADA <br> CIVIL ACTION 6:20-cv-00577-ADA <br> CIVIL ACTION 6:20-cv-00578-ADA |
| **v.** | § § § § § § | CIVIL ACTION 6:20-cv-00579-ADA <br> CIVIL ACTION 6:20-cv-00580-ADA <br> CIVIL ACTION 6:20-cv-00581-ADA <br> CIVIL ACTION 6:20-cv-00582-ADA <br> CIVIL ACTION 6:20-cv-00583-ADA |
| **GOOGLE LLC,** <br> *Defendant.* | § § | CIVIL ACTION 6:20-cv-00584-ADA <br> CIVIL ACTION 6:20-cv-00585-ADA |

## **SCHEDULING ORDER**

| Date | Item |
|---|---|
| **October 9, 2020** | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.,* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| **October 16, 2020** | Case Management Conference |
| **October 30, 2020** (2 weeks after the CMC) | Deadline for Motions to Transfer |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| Date | Item |
|---|---|
| **December 4, 2020** (7 weeks after the CMC) | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.  Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe. |
| **December 18, 2020** (9 weeks after the CMC) | Parties exchange claim terms for construction. |
| **January 8, 2021** (12 weeks after the CMC) | Parties exchange proposed claim constructions. |
| **January 13, 2021** (13 weeks after the CMC) | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon in their opening brief with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony. With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| **January 15, 2021** (13 weeks after the CMC) | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| **January 22, 2021** (14 weeks after the CMC) | Parties file Opening claim construction briefs, including any arguments that any claim terms are indefinite.[2] |
| **February 5, 2021** (16 weeks after the CMC) | The parties shall disclose the identity of any rebuttal expert witness they may rely upon in their response brief with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony. |
| **February 12, 2021** | Parties file Responsive claim construction briefs. |

---

[2] The parties understand that the Court expects to issue a new version of the Order Governing Proceedings – Patent Case in the near future, and that the dates and sequence of *Markman* briefs may change based on the version of the order that issues.

| Date | Item |
|---|---|
| (17 weeks after the CMC) | |
| **February 26, 2021** (19 weeks after the CMC) | Parties file Reply claim construction briefs. |
| **March 5, 2021** (20 weeks after CMC) | Parties submit Joint Claim Construction Statement and provide copies of briefs to the Court. |
| **March 18, 2021** (22 weeks after CMC) | Parties submit option technical tutorials to the Court and technical advisor (if appointed).[3] |
| **March 25 – 26, 2021** | *Markman* hearing at 9:00 a.m. |
| **March 29, 2021** (1 business day after *Markman* hearing) | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| **May 7, 2021** (6 weeks after *Markman*) | Deadline to add parties. |
| **May 21, 2021** (8 weeks after *Markman*) | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| **July 16, 2021** (16 weeks after *Markman*) | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or claims. |
| **Plaintiff proposes: September 24, 2021** (26 weeks after *Markman*) **Defendant proposes: June 25, 2021** (13 weeks after *Markman*) | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues.<br><br>Plaintiff's statement:<br>WSOU believes the parties should adhere to the OGP and the Court should adopt WSOU's proposal. A rushed discussion, midway through discovery, without the benefit of adequate discovery is not only inefficient, but prejudicial to WSOU claims. |

---

[3] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

| Date | Item |
|---|---|
| | <u>Defendant's statement:</u><br>Google believes that an earlier discussion of case narrowing will be beneficial given the number of cases and claims asserted, and has proposed a deadline that is closer to the deadline for final contentions.  Google believes that the parties can and should apply the Court's guidance on claim construction and the results of initial discovery to reduce the burden on the parties and the Court. |
| **October 22, 2021**<br>(30 weeks after *Markman*) | Close of Fact Discovery. |
| **October 29, 2021**<br>(31 weeks after *Markman*) | Opening Expert Reports. |
| **November 29, 2021**<br>(35 weeks after *Markman*) | Rebuttal Expert Reports. |
| **December 17, 2021**<br>(38 weeks after *Markman*) | Close of Expert Discovery. |
| **December 24, 2021**<br>(39 weeks after *Markman*) | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| **January 7, 2022**<br>(40 weeks after *Markman*) | Dispositive motion deadline and *Daubert* motion deadline. |
| **January 21, 2022** | Deadline to file oppositions to dispositive motions and *Daubert* motions. |
| **January 28, 2022** | Deadline to file replies in support of dispositive motions and *Daubert* motions. |
| **January 14, 2022**<br>(42 weeks after *Markman*) | Serve Pretrial Disclosures (jury instructions, exhibit lists, witness lists, discovery and deposition designations). |
| **January 28, 2022**<br>(44 weeks after *Markman*) | Serve objections to pretrial disclosures/rebuttal disclosures. |
| **February 4, 2022** | Serve objections to rebuttal disclosures and file motions *in limine*. |

| Date | Item |
|---|---|
| (45 weeks after *Markman*) | |
| **February 11, 2022** (46 weeks after *Markman*) | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibit lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| **February 18, 2022** (47 weeks after *Markman*) | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com. Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| **February 28, 2022** (3 business days before Final Pretrial Conference) | File joint notice identifying remaining objections to pretrial disclosures and disputes on motion *in limine*. |
| **March 4, 2022** (49 weeks after *Markman*) | Final Pretrial Conference. |
| **March 28, 2022** (52 weeks after *Markman*)[4] | Jury Selection/Trial |

SIGNED this _____ day of _____, 2020

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[4] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-*Markman* that are consistent with the Court's default deadlines in light of the actual trial date.