IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a, BRAZOS LICENSING AND DEVELOPMENT<br><br>*Plaintiff*,<br>v.<br><br>GOOGLE LLC,<br><br>*Defendant*. | CIVIL ACTION 6:20-CV-00577-ADA<br><br>JURY TRIAL DEMANDED |

## JOINT STIPULATION OF DISMISSAL AND FINAL JUDGMENT

Plaintiff ("WSOU") and Defendant ("Google") (collectively, the "Parties") by and through their undersigned counsel, subject to the approval of the Court, hereby stipulate and agree as follows:

1. This is a patent infringement action brought by WSOU against Google.

2. This Court has jurisdiction over the claims in these actions pursuant to 28 U.S.C. §§ 1331 and 1338.

3. WSOU asserted infringement of claims 1-20 of the U.S. Patent No. 8,751,585 ("the '585 patent"). Google denies infringement of all asserted claims and further asserts that the asserted claims are invalid and unenforceable among other defenses. On March 25, 2021, the Court held a *Markman* Hearing. (Dkt. Nos. 47-48.) On June 2, 2021, the Court entered a Claim Construction Order. (Dkt. No. 51.) Under the Court's Claims Construction Order, claims 9-16 were held invalid as indefinite.

4. The Parties recognize that the indefiniteness determination in the Court's Claim Construction Order addresses several, but not all, of the asserted claims in this case.

5. For the asserted claims of the '585 patent that were not held indefinite (claims 1-8,

and 17-20), pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Parties jointly stipulate that claims 1-8, and 17-20 are hereby dismissed without prejudice. A stipulation under Rule 41(a)(1)(A)(ii) is effective "without a court order."

6. The Parties further stipulate that WSOU will not assert claims 1-8 and 17-20 of the '585 patent unless the Federal Circuit reverses the Court's indefiniteness determination for the '585 patent.

7. By operation of the stipulation regarding claims 1-8 and 17-20, the only claims remaining before the Court are claims 9-16 of the '585 patent, the indefinite claims.

8. Under the Court's Claim Construction Order, WSOU cannot prevail on the issue of infringement because WSOU cannot prove the accused products practice a valid claim, namely claims 9-16. The Parties therefore stipulate and agree to entry of this Final Judgment in favor of Google and against WSOU that claims 9-16 of the '585 patent are invalid as indefinite for the reasons set forth in the Court's Claim Construction Order and for purposes of allowing appeal of the foregoing order.

9. The Parties also stipulate and agree that by virtue of this stipulation Google does not waive any argument or defense relating to the '585 patent.

10. While any appeal of the indefiniteness determination is pending before the Federal Circuit and prior to any remand to the District Court and the Court assuming jurisdiction, and so long as WSOU has not commenced or threatened any suit relating to the asserted patent, Google agrees not to (1) bring a declaratory judgment action concerning the asserted patent or (2) initiate a validity challenge of claims of the asserted patent at the USPTO, including IPRs and re-exams.

11. The Parties agree to each bear their own fees, costs, and expenses incurred thus far in the proceedings before this Court.

Date: September 17, 2021                    Respectfully submitted,

*/s/ James L. Etheridge*
Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC.
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Travis L. Richins
Texas State Bar No. 24061296
Brett A. Mangrum
Texas State Bar No. 24065671
Jeffrey Huang
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Brett@EtheridgeLaw.com
JHuang@EtheridgeLaw.com

*Counsel for Plaintiff WSOU Investments, LLC*

Date: September 17, 2021

Respectfully submitted,

*/s/ Tharan Gregory Lanier*

Tharan Gregory Lanier (*pro hac vice*)
**Jones Day**
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile
tglanier@jonesday.com

Michael E. Jones (Texas Bar No. 10929400)
Patrick C. Clutter (Texas Bar No. 24036374)
**Potter Minton, P.C.**
110 North College, Suite 500
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile
mikejones@potterminton.com
patrickclutter@potterminton.com

Sasha Mayergoyz
**Jones Day**
77 W. Wacker Drive
Chicago, IL 60601
+1 (312) 782-3939
smayergoyz@jonesday.com

Tracy A. Stitt
Edwin O. Garcia
**Jones Day**
51 Louisiana Avenue NW
Washington, DC 20001
+1 (202) 879-3641
tastitt@jonesday.com
edwingarcia@jonesday.com

Michael A. Lavine
**Jones Day**
555 California Street
26th Floor
San Francisco, California 94104
+1 (415) 626-3939
mlavine@jonesday.com

***Attorneys for Defendant Google LLC***